UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-06770-MCS-SK | Date  September 13, 2023 |
| Title  ***Stevenson v. Apyx Med. Corp.*** | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 15)

Plaintiff Rebecca Stevenson moves to remand this case to state court. (Mot., ECF No. 15.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The motion is denied for failure to comply with several local rules governing motion practice. *E.g.*, C.D. Cal. Rs. 6-1, 7-3, 7-4, 7-20; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

The Court places special emphasis on Plaintiff's failure to demonstrate compliance with the district's prefiling conference of counsel requirement. "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS

189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)). The Court's standing order requires prefiling conferences to be conducted "in person or by telephone or videoconference; an exchange of written correspondence is insufficient. Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court." (Initial Standing Order § 9(c), ECF No. 10.)

Here, the motion does not present a statement of compliance with Local Rule 7-3, and the moving papers do not indicate that any prefiling conference took place. The papers do not clarify whether the issues presented in the motion are disputed or conceded. Motion practice likely could be avoided entirely upon a thorough discussion as to whether the forum defendant rule acts as a procedural bar to removal, 28 U.S.C. § 1441(b)(2), and as to whether the removing defendants sufficiently invoked the Court's federal-question jurisdiction in its notice of removal, (*see* Notice of Removal ¶ 4 n.1, ECF No. 1). *Cf. Lopez v. Wells Fargo Bank, N.A.*, No. SACV 16-1409 AG (KESx), 2016 U.S. Dist. LEXIS 144380, at *5–6 (C.D. Cal. Oct. 17, 2016) ("Making two sides talk can significantly help focus and clarify disputes, even when one side still has to file a motion at the end of the day.").

The motion is denied without prejudice to renewal. If Plaintiff elects to refile her motion and a prefiling conference has not yet taken place, in the interest of justice, the Court authorizes Plaintiff to forego the seven-day waiting period prescribed by Local Rule 7-3.[1]

**IT IS SO ORDERED.**

---

[1] Contrary to the implications of the motion, (*see* Mot. 3), the forum defendant rule is a procedural, not jurisdictional, consideration, *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 942 (9th Cir. 2006). Accordingly, the 30-day deadline to move to remand applies. 28 U.S.C. § 1447(c). Although the issue appears to be unsettled in this circuit, several authorities suggest the Court lacks authority to extend this deadline. *See Pate v. City of Rochester*, 579 F. Supp. 3d 417, 421–23 (W.D.N.Y. 2022) (reviewing cases). Accordingly, without relief from the waiting period, a timely motion to remand could not be filed if a prefiling conference has not already taken place.