JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-06770-MCS-SK | Date | September 29, 2023 |
| Title | *Stevenson v. Apyx Med. Corp.* | | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND AND MOTIONS TO DISMISS (ECF NOS. 18–25) (JS-6)

Plaintiff Rebecca Stevenson moves to remand this case to the state superior court from which it was removed. (Mot., ECF No. 18.) Defendant Apyx Medical Corporation filed a brief opposing the motion. (Opp'n, ECF No. 28.) No other defendant filed a timely opposition brief. Separately, Apyx and several other defendants move to dismiss the Complaint. (Mots. to Dismiss, ECF Nos. 19–25.) The Court deems all the motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Plaintiff initiated this action in the Los Angeles County Superior Court to recover damages allegedly sustained after a botched medical procedure. (*See generally* Notice of Removal Ex. A, ECF No. 1-1.) Plaintiff alleges several named defendants are citizens of California, (*id.* ¶¶ 4, 12–18), and she filed in state court proofs of service of the summons and complaint on many of them, (*see generally* Notice of Removal Ex. B, ECF No. 1-2 (proofs of service).) Notwithstanding, Apyx

removed the case to federal court, asserting diversity jurisdiction. (Notice of Removal ¶ 4, ECF No. 1.)[1]

A defendant may remove from state court an action over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). This rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

Here, Plaintiff served several California-citizen defendants before Apyx removed the case. (*See generally* Notice of Removal Ex. B.) Plaintiff personally served at least one California defendant, Elise Vintigni, with the summons and complaint a month before removal. (*Id.* at 13–14.)[2]

In its opposition brief, Apyx submits that the Court should endorse its "snap removal" of the case on the basis that one of the several California-citizen defendants, Stephanie Van Skike, was not properly served before removal. (Opp'n 3–5.) The Court need not spill ink taking a side in the split in authority on the propriety of snap removals, i.e., removals made before service of any forum defendants. *See* Karen L. Stevenson & James E. Fitzgerald, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial* § 2:2322 (Cal. & 9th Cir. ed.) (acknowledging "wide split"). No party has questioned the validity of service of any California defendant other than Van Skike, and the pre-removal service of at least Vintigni appears facially valid. Apyx concedes it was "unable to confirm prior to the filing of th[e] opposition if any of the other defendants were properly joined and served prior to removal." (Opp'n 4 n.1.) Apyx, as a removing defendant invoking snap removal, should have made the appropriate inquiries not only before its brief was due, but also before making this detour to federal court. *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (acknowledging the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").

---

[1] Although Apyx suggested in its notice of removal that the Court may have federal-question jurisdiction, (NOR ¶ 4 n.1), it abandoned that theory by failing to raise it in its briefing, notwithstanding a court invitation to ventilate the issue, (*see* Order 2, ECF No. 17.)

[2] This pinpoint citation refers to the page numbers appearing in the CM/ECF header of this document.

Apyx fails to demonstrate that no California citizen was "properly joined and served" as a defendant before removal, 28 U.S.C. § 1441(b)(2), so removal was procedurally defective even under Apyx's snap removal theory.

The Court grants the motion to remand. The Court denies the motions to dismiss without prejudice to renewal in state court. The Court remands the case to the Los Angeles County Superior Court, Santa Monica Courthouse, 1725 Main Street, Santa Monica, California 90401, No. 23SMCV02412. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**